UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JESSE WHEELER,<br><br>　　　　　Defendant. | No.  2:11-cr-00504-WBS<br><br>No.  2:20-mc-00182-EFB<br><br>ORDER |

　　　　Defendant, who owes restitution of over $2 million from a conviction of bankruptcy fraud Case No. 2:11-cr-00504-WBS, asks the court to modify the monthly payment amount currently garnished by the government to satisfy the debt.  ECF No. 253.  The government opposes the motion.  ECF No. 255.  Judge Shubb has referred the motion, because the original writ of garnishment was entered by the undersigned in Case No. 2:20-mc-00182-EFB.  ECF No. 262.  However, the motion remains pending on the docket in Case No. 2:11-cr-00504-WBS.

**I.　　Background**

　　　　In 2014, defendant plead guilty to one count of bankruptcy fraud in violation of 18 U.S.C. § 157.  Case No. 2:11-cr-00504-WBS, ECF No. 213.  The court ordered him to pay restitution of $2,212,809.50; in October 2021, defendant still owed $2,191,931.14.  *Id.*, ECF No. 255-1.  On July 7, 2020, the government applied for a writ of garnishment against defendant's non-exempt monthly earnings, and defendant did not object.  Case No. 2:20-mc-00182-EFB, ECF No. 1.  The court granted the writ pursuant to 28 U.S.C. § 3205(c)(7), which is limited to 25% of defendant's

non-exempt earnings, on October 8, 2020. *Id.*, ECF No. 16. Defendant claims that this amounts to $1300 per month; the government provides a declaration of Grace Nelson averring that the amount is approximately $1100 per month. Case No. 2:11-cr-00504-WBS, ECF Nos. 253, 255-1. Defendant states that the garnishment leaves him with $2200 per month to cover his monthly expenses. "The Defendant has 2 kids at home and 1 in college and the $1300 is making it impossible for the Defendant to pay mandatory bills and his rent." *Id.*, ECF No. 253 at 3. Apart from his own representations, defendant has not provided the court with any evidence that the garnishment has caused financial hardship.

## II.     Analysis

Defendant asks the court to modify the garnishment order to provide that the government can garnish $100 of his monthly earnings rather than 25%, based on his representations about his other financial obligations. He relies on 18 U.S.C. § 3664(k), but that statute provides guidance regarding modification of restitution payment schedules, not writs directing the garnishing of wages to satisfy a restitution debt. *See United States v. Doviak*, 367 F. Supp. 2d 1056, 1058-59 (N.D. Tex. Apr. 19, 2005) (18 U.S.C. §§ 3613, 3613A, which govern scheduling and manner of restitution payment, do not apply to the determination of whether to quash a writ of garnishment). Instead, as the government points out, the question of whether the writ may be quashed is governed by 28 U.S.C. § 3205(c)(10). According to that statute, the writ may be quashed by (1) court order, (2) exhaustion of the property that is the subject of the garnishment, or (3) satisfaction of the debt. The distinction matters because 18 U.S.C. § 3664(k) allows a court to consider a defendant's ability to pay, but there is some authority that such considerations are improper in determining the propriety of a writ of garnishment. *United States v. Mannarino*, No. 1:08 CR481, 2014 U.S. Dist. LEXIS 79528, at *7-8 (N.D. Ohio June 11, 2014). And here, defendant has presented no other basis for altering the writ of garnishment.

Further, even considering defendant's ability to pay in determining whether to quash or modify the writ of garnishment, defendant has not presented the court with sufficient evidence corroborating his self-serving statements regarding his ability to pay. Accordingly, the court finds that defendant has not met his burden to obtain an order modifying or quashing the writ.

### III. Order

For the foregoing reasons, it is hereby ORDERED that:

1. The Clerk of Court is directed to file in Case No. 2: 20-mc-00182-EFB copies of the defendant's motion to modify the monthly payment amount, the government's opposition, and the defendant's reply that were filed in Case No. 2:20-cr-00504-WBS.
2. Defendant's motion to modify the amount of restitution currently garnished from his income (currently appearing at ECF No. 253 in Case No. 2:11-cr-00504-WBS) is DENIED.

Dated: December 13, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3